# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-940 AGF |
| ) | |
| CORIZON MEDICAL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Self-represented, prisoner Plaintiff Joseph Michael Devon Engel filed this matter in the United States District Court for the Western District of Missouri, alleging violations of his rights under 42 U.S.C. § 1983. ECF No. 1. Because Plaintiff's complaint pertains to conditions of confinement at Missouri Eastern Correctional Center ("MECC"), located within the Eastern District of Missouri, the case was transferred here on July 29, 2021. ECF Nos. 5-6. Now before the Court is Plaintiff's motion to proceed in the district court *in forma pauperis*, or without prepaying fees or costs. ECF No. 2.

Since November 2020, while incarcerated, Plaintiff has brought over 150 civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim. As such, Plaintiff is subject to the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and he may only proceed *in forma pauperis* if he is under imminent danger of serious physical injury. Because the allegations in Plaintiff's complaint are too vague to make such a determination, the Court will hold Plaintiff's motion in abeyance pending the filing of an amended complaint.

## The Complaint

Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 against defendants Corizon Medical, Dr. John Williams, and MODOC, in both their individual and official capacities. ECF No. 1 at 1. Plaintiff describes himself as a "sovereign citizen" and describes his claims as involving medical treatment. *Id.* at 1-2. The 'Statement of Claim,' in his own words, reads as follows:

> I am boarder line dibetic since I have been coming to MODOC Corizon has had me on snack bags I have issues with my blood sugars going to low well they wont put me back on them refuse to treatment for it I have problem with it still to this day 7-6-21 his name is Dr. John William.

*Id.* at 3.

As for his legal theory or appropriate authority, Plaintiff states: "civil rights, prisoner rights, PTSD, physical health, vision, [and] mental health." *Id.* For relief, he seeks $28 million dollars in actual and punitive damages "plus fair medical treatment." *Id.* at 2, 4.

## Legal Standard

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

Plaintiff here has accumulated more than three strikes under this provision.[1] To proceed without prepaying the filing fee, Plaintiff must be "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001) (an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (internal quotations omitted). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing, "not when the alleged wrongdoing occurred." *Id*. Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*.

## Discussion

Plaintiff alleges that he is borderline diabetic and that he has had issues with low blood sugar. He states that Corizon has provided snack bags to him in the past. Plaintiff asserts that "they wont put [him] back on them" – presumably, that he is now being denied snack bags. He also states "refuse to treat[]," but it is unclear whether he is referring to a refusal to provide snack bags or whether his low blood sugar levels generally are not being treated. Plaintiff also names defendant Dr. John Williams but he does not state exactly how Dr. Williams is involved.

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). To survive initial review, a plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere

---

[1] *See Engel v. Governor of Mo.*, No. 1:20-cv-217-HEA (E.D. Mo. dismissed Dec. 15, 2020); *Engel v. United States of America*, No. 4:20-cv-1742-MTS (E.D. Mo. dismissed Dec. 18, 2020); *Engel v. Mo. Courts*, No. 4:20-cv-1258-SPM (E.D. Mo. dismissed Dec. 21, 2020).

negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference to a prisoner's serious medical needs. *Jones v. Minnesota Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

Instead, a prisoner must allege that he suffered objectively serious medical needs and that defendants actually knew of, but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011).

Initially, the Court notes that in many of the cases filed by Plaintiff since September 2020, he alleges that he has been denied medical care and treatment. *See Engel v. MODOC*, No. 4:20-cv-1668-RWS (E.D. Mo. Nov. 23, 2020) (alleging refusal to treat problems related to his "insides" feeling on "fire"); *Engel v. Corizon*, No. 4:20-cv-1695-NAB (E.D. Mo. Nov. 30, 2020) (alleging refusal to treat back problems); *Engel v. Corizon Medical*, No. 4:20-cv-1738-RLW (E.D. Mo. Dec. 1, 2020) (alleging refusal to treat problems related to his "insides" feeling on "fire"); *Engel v. Corizon*, No. 4:20-cv-1744-HEA (E.D. Mo. Dec. 1, 2020) (alleging refusal to treat gallbladder problems); *Engel v. MODOC*, No. 4:20-cv-1796-NCC (E.D. Mo. Dec. 17, 2020) (claims construed as allegations of inadequate medical care related to his "bad health"); *Engel v. Corizon*, No. 4:20-cv-1800-DDN (E.D. Mo. Dec. 17, 2020) (alleging refusal to treat gallbladder problems); *Engel v. Corizon*, No. 4:20-cv-1812-NAB (E.D. Mo. Dec. 17, 2020) (alleging general refusal to treat); *Engel v. Corizon*, No. 4:20-cv-1819-PLC (E.D. Mo. Dec. 17, 2020) (claims construed as allegations of inadequate medical care related to his "insides" feeling on "fire"); *Engel v. Corizon*,

No. 4:20-cv-1828-AGF (E.D. Mo. Dec. 17, 2020) (same); *Engel v. Corizon*, No. 4:20-cv-1829-RWS (E.D. Mo. Dec. 17, 2020) (same); *Engel v. Corizon*, No. 4:20-cv-1902-SRW (E.D. Mo. Dec. 11, 2020) (same).

More specifically, in multiple cases, Plaintiff mentions snack bags and/or complains about the food provided while incarcerated. *See Engel v. Mo. Dep't of Corr.*, No. 4:20-cv-1430-AGF (E.D. Mo. Oct. 1, 2020) (alleging "not enough food," that he has religious and "special" dietary needs, that he requires "bigger lunch[es] for work release," that he is in protective custody because he "started another hunger [strike]" and that he has been denied "sugar checks" and "snacks"); *Engel v. Corizon*, No. 4:20-cv-1816-SRC (E.D. Mo. Dec. 17, 2020) (alleging Corizon refusing him snack bags and blood sugar checks over three-month period). All of these previously filed cases were dismissed for failure to state a claim on which relief may be granted, and in some cases for being frivolous and malicious as well.

Here, Plaintiff alleges that he has been denied snack bags for an indeterminate period of time. He names defendant Dr. Williams, but he does not specifically allege that he requested snack bags from Dr. Williams and was denied. Nor does Plaintiff specifically state that he saw Dr. Williams about his borderline diabetes or low blood sugars at all. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Plaintiff fails to name who was directly responsible for him being denied snack bags.

Furthermore, it is unclear from the allegations of the complaint when Plaintiff was denied snack bags and whether his blood sugar levels are currently low. Plaintiff filed a case in December

2020 also alleging that he was being denied snack bags. *See Engel v. Corizon*, No. 4:20-cv-1816-SRC (E.D. Mo. Dec. 17, 2020). That case was dismissed for failure to state a claim, frivolity, and maliciousness. *Id.* at ECF No. 4. In order to avoid the three-strikes provision, Plaintiff's allegations must demonstrate that he is in imminent danger of physical injury at the time of complaint filing. *See Martin v. Shelton,* 319 F.3d at 1050. It is not enough to allege that Plaintiff has had low blood sugar problems in the past. The allegations must clearly state that the danger existed at the time of filing.

Finally, Plaintiff does not specify any injury from which he has suffered as a result of a denial of snack bags or refusal to treat. An action pursuant to 42 U.S.C. § 1983 is a tort claim, and a plaintiff must suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Plaintiff's complaint contains no allegations of injury resulting from a lack of snack bags.

For all of these reasons, Plaintiff's allegations are too vague for the Court to determine whether he is under imminent danger sufficient to create an exception to the three strikes rule. The Court will not deny Plaintiff's application to proceed *in forma pauperis* and dismiss the case at this time. Instead, the Court will give Plaintiff the opportunity to file an amended complaint to clarify his claims. Specifically, Plaintiff must state with particularity whether he is currently having low blood sugar issues, when and who denied him snack bags, and whether he has suffered any injury. If Plaintiff alleges Dr. Williams refused Plaintiff medical treatment, Plaintiff shall state the facts surrounding this refusal of medical treatment (*e.g.*, the date on which Plaintiff sought medical treatment, his symptoms, who refused him treatment, the consequences of this refusal, etc.) with particularity. Alternatively, Plaintiff may pay the full $402.00 filing and administrative fees.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Tele. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005). If Plaintiff fails to file an amended complaint on a court-provided form within thirty days of the date of this Order, or pay the necessary fees, the Court will dismiss this case without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that within thirty (30) days from the date of this Order, Plaintiff shall submit an amended complaint on the Court-provided form as instructed above or pay the full $402.00 filing fee.

**IT IS FURTHER ORDERED** that if Plaintiff fails to submit an amended complaint as instructed above, the Court may dismiss Plaintiff's complaint without prejudice and without further notice to Plaintiff.

Dated this 25th day of October, 2021.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE