**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JOSEPH MICHAEL DEVON ENGEL,   )
                              )
        Plaintiff,            )
                              )
    v.                        )        No. 4:21-cv-00940-AGF
                              )
CORIZON MEDICAL, et al.,      )
                              )
        Defendants.           )

## MEMORANDUM AND ORDER

This closed civil matter is before the Court for review of two post-judgment motions filed by Plaintiff Joseph Engel.  ECF Nos. 22 & 23.  Plaintiff is a prisoner who is subject to 28 U.S.C. § 1915(g), and who previously "knowingly and persistently engaged in litigation practices that amount[ed] to abuse of the judicial process" in this Court.  *Engel v. Jefferson County Sheriff Dep't*, No. 4:21-cv-896-SEP, 2021 WL 4133791, at \*3 (E.D. Mo. Sep. 10, 2021).  The instant case was dismissed in December 2021, and the Eighth Circuit Court of Appeals dismissed Plaintiff's appeal in March 2022.

In his motions before the Court, Plaintiff appears to request that the Court reopen this case, appoint counsel to represent him, order the Missouri Department of Corrections to produce medical records, and award him monetary damages.  ECF Nos. 22 & 23.  In support, Plaintiff asserts that the prison medical doctor (and possibly other medical staff) failed to properly treat his occasionally low blood sugar levels in 2021.  *Id.*

Plaintiff did not frame his motion under the Federal Rules of Civil Procedure, but they can be liberally construed as functionally equivalent to motions filed under Rule 60(b).  "Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable

neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025) (citing Fed. R. Civ. P. 60(b)(1)-(5)). "Rule 60(b) also includes a 'catchall' provision—Rule 60(b)(6)—that allows a district court to reopen a case for 'any other reason that justifies relief.'" *Id.* (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)). A 1-year limitations period applies to motions seeking relief based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, and misconduct. Fed. R. Civ. P. 60(c)(1). The other grounds for relief do not have a similar 1-year limitations period but must be made "within a reasonable time." *Id.*

Having thoroughly reviewed and liberally construed Plaintiff's motions, the Court finds that they cannot be interpreted as setting forth any valid basis for relief under any provision of Rule 60(b). The Court will therefore deny the motions. The Court also finds that the motions are consistent with Plaintiff's earlier pattern of abusive litigation before this Court. The Court will therefore direct the Clerk to return any future documents to Plaintiff unfiled.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions [ECF Nos. 22 & 23] are **DENIED**.

**IT IS FURTHER ORDERED** that, should Plaintiff submit any additional documents in this closed matter, the Clerk of Court shall return them to Plaintiff un-filed.

Dated this 18th day of May, 2026.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

2